## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:11-cv-1171-WYD-KMT

LIBERTY MEDIA HOLDINGS, LLC

Plaintiff,

vs.

COLORADO MEMBERS OF SWARM
OF NOVEMBER 16, 2010 TO JANUARY 31, 2011,
SHARING HASH FILE
AE340D0560129AFEE8D78CE07F2394C7B5BC9C05;
AND DOES 1 through 14,

Defendants.

---

**PLAINTIFF'S THIRD *EX-PARTE* MOTION FOR ORDER TO EXTEND TIME FOR SERVICE UNDER RULE 4(m), FRCP**

---

Plaintiff LIBERTY MEDIA HOLDINGS, LLC ("Liberty" or "Plaintiff"), by and through its counsel undersigned, respectfully moves this Court, *ex-parte* and without a hearing, for a third Order extending the time within which Plaintiff must serve the Defendants in the above captioned matter by sixty (60) days. Plaintiff makes this Motion pursuant to Fed. R. Civ. P. Rule 4(m). Plaintiff also seeks a continuation of the February 6, 2012 Scheduling Conference to allow time for service of process to take place. Plaintiff is unable to determine the position of any other party to this action, as their identities have yet to be determined and they have not been added to this action.

### BACKGROUND

Liberty filed the present copyright infringement suit on or about May 2, 2011, against fourteen (14) Doe Defendants ("Does" or "Defendants"), each of whom were identified solely by

their Internet protocol ("IP") address and the date and time of infringement. In parallel with this suit, Liberty also filed *Liberty Media Holdings, LLC v. Does 1–4, et al.*, 1:11-cv-1170-RBJ-KMT (the "A3E Swarm"), which contained similar allegations against a separate BitTorrent Swarm infringing the same copyrighted work. A similar motion to extend is being filed concurrently herewith in the A3E Swarm litigation.

Shortly after the complaint was filed, Liberty moved for early discovery to subpoena the relevant subscriber records from the Doe's Internet services providers ("ISPs"), so as to uncover their identities. The Court granted this motion for early discovery on May 12, 2011 and Liberty diligently served subpoenas on the ISPs within the week. Under the terms of the Court Order authorizing early discovery, the ISPs were given 21 days to comply with the notice provision contained in 47 U.S.C. § 551 (c)(2)(B) and to respond to the subpoena.

As part of this Honorable Court's May 12, 2011 Order, it allowed a limited amount of discovery to be conducted in order ascertain the appropriate identities of potential Doe defendants. Specifically, this Court authorized Plaintiff "to conduct discovery, pursuant to Fed. R. Civ. P. 45, prior to the Fed R. Civ. P. 26(f) conference, for the limited purpose of discovering the identities of the John Doe defendants." (Docket #10).

The individuals who have been identified, Liberty Media has commenced meaningful settlement negotiations in an attempt to settle the claims contained within the Complaint in an effort to keep costs down and promote judicial economy. In addition, of the remaining Doe defendants, many ignored Plaintiff's requests and settlement attempts, while other demands were returned. This further delayed service in this action leading the Plaintiff to exercise the expensive endeavor of depositions, an avenue it sought to limit.

It is a well-established principle that the law, and public policy, favor the settlement of disputes without litigation. *Aro Corporation v. Allied Witan Company,* 531 F.2d 1368 (CA 6 1976), *cert. den.* 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976); *Clinton Street Greater Bethlehem Church v. City of Detroit,* 484 F.2d 185 (CA 6 1973); *Airline Stewards, etc. v. American Airlines,* 573 F.2d 960 (CA 7 1978), *cert. den.* 439 U.S. 876, 99 S.Ct. 214, 58 L.Ed.2d 190 (1978). Judicial economy dictates such a conclusion as well.

This Honorable Court originally granted a first extension of time up to and including November 8, 2011 for service of process to be concluded pursuant to F.R.C.P. Rule 4. This Honorable Court granted a second enlargement of time up to and including January 9, 2012. As part of the grounds for the request for the second enlargement of time, Plaintiff exercised its rights to pre-trial discovery and depositions, as authorized by this Honorable Court's May 21, 2011 Order.

Recently, Plaintiff has encountered more difficulty in in ascertaining the identities of the actual infringers. Since the second order for enlargement of time, plaintiff attempted to depose ten of the fourteen John Does listed in its Complaint. However, only two of the does could be found at the addresses plaintiff had based on information received by ISPs. Attempts to serve these Doe defendants were successful, but only one was able to attend and complete his deposition. The second individual spoke with Plaintiff's counsel and requested an opportunity to reschedule her deposition. To date, such has not been completed.

Plaintiff is requesting up to and including March 9, 2012 to effectuate service pursuant to F.R.C.P. Rule 4. Plaintiff requires additional time to complete its good-faith investigation to identify and serve the appropriate parties, with whom a Scheduling Conference can be held. Plaintiff is also requesting this additional time to complete a public records search of the

addresses it has obtained through Internet Service Providers in order to satisfy its requirements of due diligence and good faith before moving forward with the amending of the Complaint and service of a summons on the identified Does.

## ARGUMENT

Liberty respectfully submits that, since it has prosecuted this case diligently within the confines of the law, it has demonstrated good cause to extend the deadline to serve the complaint an additional sixty days. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve], the court shall extend the time for service for an appropriate period."); *Voltage Pictures, LLC v. Does 1–5,000*, __ F.Supp.2d __, 2011 WL 1807438, n.2 (D.D.C 2011) (granting plaintiff in a copyright suit against Doe defendants a total of 265 days to obtain identifying information).

The time that it has taken to identify and serve the John Doe defendants is attributable to the inherent difficulty of learning the identity of the anonymous internet users who are infringing Liberty's copyright. Liberty moved promptly to subpoena the required information from the ISPs and worked diligently with the ISPs to secure their compliance and rebuff challenges from the individuals whose information is being sought.

Liberty has demonstrated good cause for an extension because, due to the delay in receiving subscriber records, and with its efforts to keep down costs and promote judicial economy, it required additional time to complete its investigation to confirm its good faith belief that the individuals associated with each of the internet protocol ("IP") addresses are the infringers identified in the complaint. However, because of the Plaintiff's inability to successfully serve the Doe defendants in this action and complete its good faith investigation, moving the action forward has been hindered.

In addition, it is in the interest of judicial economy to keep this proceeding in lock-step with the parallel A3E Swarm litigation, which is presently pending before the Court. While they involve separate groups of defendants, both the A3E Swarm and AE3 Swarm litigations involve many overlapping questions of law and fact that will be more efficient to consider and resolve if these cases remain on similar schedules.

## CONCLUSION

Liberty respectfully requests that the Court issue the requisite Order permitting it an additional sixty (60) days to name and serve the Doe Defendants. Plaintiff has diligently and in good faith been pursuing the identity of each defendant, but due to complexities beyond its control, has been unable to do so. Liberty has diligently set to the task of identifying the anonymous internet users who are infringing its copyright. Because initial identification procedures were not entirely successful, Plaintiff is seeking to identify these individuals through the use of the limited discovery procedures already in authorized and through the completion of public records searches. It, however, requires additional time to complete the task and thus requests and additional 60-day extension of time to effect service, up to and including March 9, 2012.

In addition, Plaintiff is requesting the rescheduling of this Honorable Court's scheduling conference currently scheduled on February 6, 2012.

Dated this 4th day of January, 2012

By: /s/ Andrew J. Contiguglia
Andrew J. Contiguglia, Esq.
CONTIGUGLIA / FAZZONE, P.C.
44 Cook Street
Suite 100
Denver, CO 80206

## CERTIFICATE OF FILING AND NON-SERVICE

      I hereby certify that the foregoing document was filed electronically using this Court's CM/ECF system on January 4, 2012. As the identities of Doe Defendants 1 through 14 are unknown at this time, Plaintiff is unable to serve any defendant.

DATED this 4 day of January 2012.

                                            By: /s/ Andrew J. Contiguglia
                                            Andrew J. Contiguglia, Esq.
                                            CONTIGUGLIA / FAZZONE, P.C.
                                            44 Cook Street
                                            Suite 100
                                            Denver, CO  80206