Civil Action Number: 1:11-cv-1171-WYD-KMT

LIBERTY MEDIA HOLDINGS, LLC

Plaintiff,

v.

COLORADO MEMBERS OF SWARM OF NOVEMBER 16, 2010 TO JANUARY 31, 2011, SHARING HAS FILE AE340D0560129AFEE8D78CE07F2394C7B5BC9C05; AND COMPRISING ALAN LINK, JASON FREDIN, TAYLOR CHAMBERS, WILLIAM PEARSON, GARY OUTLAW, MICHAEL STRANGER, THOMAS GAY, JOHN MOORE, BRADLEY WOOLDRIDGE, AND DOES 15 through 23,

Answer to the complaint against ;

Thomas Gay, 1044 Downing St, Apt 507, Denver CO 80218-2929

Mr. Alfred A. Arraj, Clerk, U.S. District Court, Room A-105

U.S. Courthouse, 901 19th St, Denver, Colorado 80294-3589

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 19 2012

GREGORY C. LANGHAM
CLERK

It is hereby requested that Thomas Gay, previously Doe 14, be severed from this action and dismissed without prejudice based on the following;

1) Plaintiff failed to serve defendant within 120 days of filing of complaint and discovery of defendant's identity on 5/12/2011, per FRCivP. Courts have dismissed similar copyright infringement lawsuits where plaintiffs did not effect service within 120 days from the filing of the complaint. See, e.g., CP Prods., Inc. v. Does 1-300, 2011 WL 737761 at *1 (N.D. Ill. Feb. 24, 2011).

2) Plaintiff alleges that each of their works is marked with Plaintiff's trademark (CORBIN FISHER®), a copyright notice, a warning that unauthorized copying is illegal and will be prosecuted, and a statement as required by 18 U.S.C. 2257 that age verification records for all individuals appearing in the works are maintained at corporate offices in San Diego, California. None of the aforementioned disclaimers and warnings are present on the media included in hash file AE340D0560129AFEE8D78CE07F2394C7B5BC9CC05.

---

MOTION FOR LEAVE TO FILE BRIEF THOMAS GAY
CIVIL ACTION NUMBER: 1:11-cv-1171-WYD-KMT

Page 1 of 2 (not including cover)

3) Defendant is improperly joined in this action by Exhibit A of the original Subpoena to Produce Documents (Discovery), which separates Doe 14 from remaining Defendants in this case by "Hit Date". Many courts have already addressed how the joiner rules apply to lawsuits against Doe defendants who are alleged to have acted in concert by using BitToreent or other similar peer-to-peer (P2P) software to infringe copyright laws. A recent decision on this issue have concluded that the use of the BitTorrent protocol does not distinguish these cases from earlier rulings in P2P cases in which courts found that joining multiple doe defendants was improper since downloading the same file did not mean that each of the defendants were engaged in the same transaction or occurrence. See, e.g., IO Group, Inc. v. Does 1-435, Case No. 10-4382-SI (N.D. Cal. Feb 3, 2011); Diabolic Video Productions, Inc. v. Does 1-2099, Case No. 10-5865-PSG (N.D. Cal. May 31, 2011); Pacific Century int'l. Ltd. V. Does 1-101, Case No. 11-2533-DMR (N.D. Cal. July 8, 2011); Boy Racer v. Does 2-52, Case No. 11-2834-LHK (PSG) (N.D. Cal. Aug 5, 2011); MCGIP, LLC v. Does 1-149, Case No. 11-2331-LB (N.D. Cal. Aug 15, 2011); Hard Drive Productions, Inc. v. Does 1-188, Case No. 11-1566-JCS (N.D. Cal. Aug 23, 2011).

Respectfully Submitted,

_____          03/18/2012
Signed                             Dated

Thomas Gay

tgay80@gmail.com

1044 Downing St, 507

Denver, CO 80218

(303)945-0536

- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☐ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

   ☐ The case is a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

   ☐ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

NOTE: *In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 35 days of the at-issue date. See C.R.C.P. 16.1(b)(1) (re: case type) and C.R.C.P. 16.1(e) (re: amount in controversy). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 45 days of the at-issue date. See C.R.C.P. 16.1(d).*

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

   ☐ C.R.C.P. 16.1 applies to this case.

   ☐ C.R.C.P. 16.1 does not apply to this case.

4. ☐ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: 03/18/2012

_____
Signature of Party or Attorney for Party