**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:11-cv-1171-WYD-KMT

LIBERTY MEDIA HOLDINGS, LLC

Plaintiff,

vs.

COLORADO MEMBERS OF SWARM
OF NOVEMBER 16, 2010 TO JANUARY 31, 2011,
SHARING HASH FILE
AE340D0560129AFEE8D78CE07F2394C7B5BC9C05;
AND COMPRISING ALAN LINK, JASON FREDIN,
TAYLOR CHAMBERS, WILLIAM PEARSON, GARY OUTLAW
MICHAEL STANGER, THOMAS GAY, JOHN MOORE
BRADLEY WOOLDRIDGE, AND DOES 15 through 23,

Defendants.

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS FILIED BY DEFENDANT THOMAS GAY [ECF DOC. 43]**

COMES NOW the Plaintiff, Liberty Media Holdings, LLC through counsel Contiguglia / Fazzone, P.C. by Andrew J. Contiguglia, and hereby Responds to Defendant Thomas Gay's Motion to Dismiss [ECF Doc. 43]. As grounds thereto, the Plaintiff states and avers as follows:

**I. INTRODUCTION**

Defendant Thomas Gay raises three separate grounds for dismissal of this action. Specifically, he request from this Honorable Court dismissal of the action against him without prejudice based on a failure to serve him with a copy of the action within 120 days of filing the Complaint pursuant to Fed. R. Civ. P. 4. Second, he asserts that no copyright notice exists on the infringed work, requiring a dismissal of the action. Last, he requests that his case be severed from the ensuing action claiming that he is improperly joined in the action.

The Plaintiff, Liberty Media Holdings (hereinafter "Liberty") filed the present copyright infringement suit on or about May 2, 2011, against fourteen (14) Doe Defendants ("Does" or "Defendants"), each of whom were identified solely by their Internet protocol ("IP") address and the date and time of infringement.

Shortly after the complaint was filed, Liberty moved for early discovery to subpoena the relevant subscriber records from the Doe's Internet services providers ("ISPs"), so as to uncover their identities. The Court granted this motion for early discovery on May 12, 2011 and Liberty diligently served subpoenas on the ISPs within the week. Under the terms of the Court Order authorizing early discovery, the ISPs were given 21 days to comply with the notice provision contained in 47 U.S.C. § 551 (c)(2)(B) and to respond to the subpoena.

As part of this Honorable Court's May 12, 2011 Order, it allowed a limited amount of discovery to be conducted in order ascertain the appropriate identities of potential Doe defendants. Specifically, this Court authorized Plaintiff "to conduct discovery, pursuant to Fed. R. Civ. P. 45, prior to the Fed R. Civ. P. 26(f) conference, for the limited purpose of discovering the identities of the John Doe defendants." (Docket #10).

The individuals who were identified, Liberty Media commenced meaningful settlement negotiations in an attempt to settle the claims contained within the Complaint in an effort to keep costs down and promote judicial economy. Some of the remaining Doe defendants ignored Plaintiff's requests and settlement attempts, while other demands were returned. This further delayed service in this action leading the Plaintiff to exercise the expensive endeavor of depositions, an avenue it sought to limit.

This Honorable Court originally granted a first extension of time up to and including November 8, 2011 for service of process to be concluded pursuant to F.R.C.P. Rule 4. This

Honorable Court granted a second enlargement of time up to and including January 9, 2012. As part of the grounds for the request for the second enlargement of time, Plaintiff exercised its rights to pre-trial discovery and depositions, as authorized by this Honorable Court's May 21, 2011 Order.

Since the second order for enlargement of time, plaintiff attempted to depose ten of the fourteen John Does listed in its Complaint. However, only two of the does could be found at the addresses plaintiff had based on information received by ISPs. Attempts to serve these Doe defendants were successful, but only one was able to attend and complete his deposition.

Plaintiff requested and was granted up to and including March 9, 2012 to effectuate service pursuant to F.R.C.P. Rule 4. Plaintiff used the additional time to complete its good-faith investigation to identify and serve the appropriate parties, with whom a Scheduling Conference could be held. Plaintiff also completed a public records search of the addresses it has obtained through Internet Service Providers in order to satisfy its requirements of due diligence and good faith before moving forward with the amending of the Complaint and service of a summons on the identified Does.

On February 24, 2012, Plaintiff amended its Complaint to include the actual names of the infringers identified by its investigation and due diligence. It also dismissed certain Doe defendants who it was not satisfied were the proper parties in the action or with whom it had settled its dispute. Summonses were requested at that time and Service of Process was undertaken to achieve the necessary service by the previous extended time of March 9, 2012.

The tracking down of Mr. Gay proved to be a difficult task. The original owner of the IP address associated with Doe 14 was an individual by the name of Bradley Rokosz and not the Defendant Thomas Gay. On or about June 23, 2011 counsel was contacted by Mr. Gay who

admitted he was the user of the ISP address in question and requesting that he be identified as the proper defendant in the action as he was the responsible party. He gave an address in Highlands Ranch, CO where he was residing. This was the same address identified by Comcast. At that time, Mr. Gay requested an opportunity to resolve the action by settlement.

Counsel did not hear from Mr. Gay again until September 18, 2011 where he once again contacted counsel in response to additional settlement requests sent to the various Does that he was the infringer at issue and requested to resolve the dispute. A settlement agreement was sent to Mr. Gay by email on October 7, 2011. A response was not received by Mr. Gay until November 27, 2011. He requested additional time to review the settlement proposal and discuss the matter further.

About this same time, efforts were being made to depose the Does in this action, including Mr. Gay. Correspondence was sent out to Mr. Gay on December 6, 2011 requesting his position on settlement. This correspondence was ignored and efforts to serve Mr. Gay a subpoena for pre-trial discovery were made.

On or about December 9, 2011, contact was made with Mr. Rokosz, the brother-in-law of Mr. Gay and owner of the Highlands Ranch Property. He claimed Mr. Gay was no longer at that residence and had moved somewhere downtown, but he didn't know the exact address. The process server notes of January 4, 2012 indicate the following notation:

> **Service Details**: NON-SERVED the SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION for the reason that I failed to find THOMAS GAY or any information to allow further search. … **Comments for Affidavit:** SERVICE ATTEMPTED. SERVER MET WITH THE BROTHER OF THOMAS GAY WHO STATES GAY LIVES IN THE DOWNTOWN AREA BUT THE BROTHER CLAIMS TO NOT KNOW THE EXACT ADDRESS.

On or about February 21, 2012, in accordance with this Honorable Court's Third Order for Enlargement of Time to complete service, a property records search was completed in an

attempt to find Mr. Gay. It was learned that Mr. Gay was living in Downtown Denver at an address on Downing Street. At that time, the names of the remaining Does had been discovered, and Plaintiff Amended its Complaint on February 24, 2012 naming Mr. Gay as the true party identified previously as Doe 14.

Multiple attempts were made to serve Mr. Gay with a copy of the Amended Complaint, but the building Mr. Gay lived in was secure and the process server was unable to gain access to the building. Notes specific to the service attempt state the following:

> **Latest Status: 3/7/2012 7:10 pm** MULTIPLE SERVICE ATTEMPTS MADE AT THE HOME ADDRESS SUPPLIED. GAY IS LISTED ON DIRECTORY BUT SO FAR WE HAVE HAD NO RESPONSE. SERVER SO FAR HAS BEEN UNABLE TO GAIN ACCESS TO THE INTERIOR OF THE BUILDING.
>
> **Latest Status: 3/12/2012 11:54 am** ADDITIONAL SERVICE ATTEMPTS MADE. AT NO POINT IN TIME HAVE SERVERS BEEN ABLE TO GAIN ACCESS TO THE INTERIOR OF THE BUILDING. HAVE FOUND A LISTING ON LINKEDIN FOR GAY WORKING AT THE DOWNTOWN SHERATON. DO YOU HAVE ANY OTHER IDENTIFYING INFO THAT MAY HELP?

Follow up on Mr. Gay's place of employment at the downtown Sheraton Hotel was made, and on March 13, 2012 Mr. Gay was finally successfully served with a copy of the Amended Complaint and Summons. Plaintiff respectfully requests this Honorable Court for leave to extend the time for service of process pursuant to Fed. R. of Civ. P. Rule 4 and accommodate this service.

## II.   LEGAL ARGUMENT

Liberty has filed three previous Motions for Enlargement of Time to Complete Service. In those Motions, Liberty demonstrated it had prosecuted this case diligently within the confines of the law, and demonstrated good cause to extend the deadline to serve the Complaint. *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve], the court shall extend the time for service for an appropriate period."); *Voltage Pictures, LLC v. Does 1–5,000*,

__ F.Supp.2d __, 2011 WL 1807438, n.2 (D.D.C 2011) (granting plaintiff in a copyright suit against Doe defendants a total of 265 days to obtain identifying information).

The delay in service of Mr. Gay was not a result of the Plaintiff's actions or inactions. To the contrary, it seems that Mr. Gay's attempts at negotiating a settlement were nothing more than a ruse to delay the action. He was in contact with counsel, admitted to being an infringer, and gave an address in Highlands Ranch where he had been living. Plaintiff finds it a bit disingenuous that Mr. Brad Rokosz, Mr. Gay's brother-in-law, did not know where his own family had moved. Further, Mr. Gay's ignoring correspondence from counsel to follow up on his settlement requests lends support to this argument. Last, multiple attempts were made at his apartment to complete service all the while he and his brother knew of the litigation attempts that were being made against him. The only conclusion that can be made is Mr. Gay was making attempts to avoid responsibility and to evade service.

Mr. Gay's argument concerning Corbin Fisher's failure to include copyright notification on its motion picture involves a factual dispute, and hence resolution of it pursuant to Fed. R. Civ. P. 12(b) would be inappropriate. Liberty's Complaint, and Amended Complaint clearly set forth a factual allegation that copyright notices were present on the motion picture at issue in this case.

Last, Mr. Gay's assertion that he is inappropriately joined as a party in this action is without merit. Fed. R. Civ. P. Rule 20(2) states "Persons … may be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of occurrences, and any question of law or fact common to all defendants will arise in the action."

Here, Liberty claims all the listed defendants acted in a collective and interdependent manner in the unlawful reproduction and distribution of Plaintiff's Motion Picture using BitTorrent file transfer protocol. *See* Complaint, and Amended Complaint. In addition, the acts of all the defendants concern the same Motion Picture, the same Copyright and the same method of infringement. Legal issues concerning each defendant are identical. Furthermore, judicial economy dictates that a single action maintaining all the defendants is more efficient than multiple actions.

The above notwithstanding, misjoinder of parties is not a ground for dismissing an action. *See*, Fed. R. Civ. P. Rule 21.

WHEREFORE, Plaintiff Liberty Media respectfully requests that Defendant Thomas Gay's Motion to Dismiss should be denied, and for such and further belief as this Honorable Court deems just and proper in the matter.

Dated this 26th day of March, 2012

> By: /s/ Andrew J. Contiguglia
> Andrew J. Contiguglia, Esq.
> CONTIGUGLIA / FAZZONE, P.C.
> 44 Cook Street
> Suite 100
> Denver, CO  80206

## CERTIFICATE OF FILING AND NON-SERVICE

      I hereby certify that the foregoing document was filed electronically using this Court's CM/ECF system on March 26, 2012. As service has been unable to be completed against Michael Stanger and John Moore, Plaintiff is unable to serve them.

Christina Elizabeth Saunders
Attorney for Jason Fredin
christina@nouveaulaw.com
via ECF

Thomas Gay
1044 Downing Street, Apt 507
Denver CO 80218-2929

                                                 By: /s/ Andrew J. Contiguglia
                                                 Andrew J. Contiguglia, Esq.
                                                 CONTIGUGLIA / FAZZONE, P.C.
                                                 44 Cook Street
                                                 Suite 100
                                                 Denver, CO  80206