# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC., | DEFENDANT JASON FREDIN'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| Plaintiff, | |
| vs. | 1:11-cv-01171-WYD-KMT |
| COLORADO MEMBERS OF SWARM | Magistrate Judge Kathleen M. Tafoya |
| Defendants. | |

Defendant JASON FREDIN ("Defendant"), through and by undersigned counsel, now answers Liberty Media Holdings LLC's ("Plaintiff") First Amended Complaint (Doc. No. 28) ("Complaint") against him alleging Copyright Infringement, Contributory Copyright Infringement, Civil Conspiracy, and Negligence, and denies any and all such allegations, and further admits or denies specific allegations of the Complaint and states the affirmative defenses, as follows:

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**:

**NATURE OF THE CASE**

1. Defendant denies allegations in paragraph 1, paragraph 2, paragraph 3, and paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

2. Defendant admits the allegations of the nature of the case set forth in paragraph 5 of the Complaint.

3. Defendant denies allegations set forth in paragraph 6, paragraph 7, paragraph 8, and paragraph 9 of the Complaint.

## THE PARTIES

4. Defendant admits allegations set forth in paragraph 10 of the Complaint.

5. Defendant denies the allegations in paragraph 11 of the Complaint

6. Answering paragraph 12 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

7. Defendant denies the allegations set forth in paragraph 13, paragraph 14, and paragraph 15 of the Complaint.

8. Answering paragraph 16 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

## DEFENDANT ALAN LINK

9. Answering paragraph 17 and paragraph 18 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

## DEFENDANT JASON FREDIN

10. Defendant denies allegations set forth in paragraph 19 and paragraph 20 of the Complaint.

## DEFENDANT TAYLOR CHAMBERS

11. Answering paragraph 21 and paragraph 22 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

### DEFENDANT WILLIAM PEARSON

12. Answering paragraph 23 and paragraph 24 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

### DEFENDANT MICHAEL STANGER

13. Answering paragraph 27 and paragraph 28 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

### DEFENDANT THOMAS GAY

14. Answering paragraph 29 and paragraph 30 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

### DEFENDANT JOHN MOORE

15. Answering paragraph 31 and paragraph 32 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

### DEFENDANT BRADLEY WOOLDRIDGE

16. Answering paragraph 33 and paragraph 34 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

## COPYRIGHT AND BITTORRENT

17. Answering paragraph 35, paragraph 36, and paragraph 37, paragraph 38, paragraph 39, paragraph 40, paragraph 41, paragraph 42, paragraph 43, paragraph 44, paragraph 45, paragraph 46, paragraph 47, paragraph 48, paragraph 49, and paragraph 50 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

## DEFENDANTS ARE MEMBERS OF A SINGLE BITTORRENT SWARM

18. Defendant denies allegations set forth in paragraph 51, paragraph 52, and paragraph 53 of the Complaint.

19. Answering paragraph 54 and paragraph 55 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

20. Defendant denies allegations set forth in paragraph 56, paragraph 57, paragraph 58, paragraph 59, paragraph 60, and paragraph 61 of the Complaint.

## FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENT 17 USC §501

21. Defendant re-denies and incorporates by reference denials contained in each paragraph above.

22. Defendant admits to allegations set forth in paragraph 63 of the Complaint.

23. Defendant admits in part and denies in part allegations set forth in paragraph 64.

24. Defendant admits allegations of Plaintiff's excusive rights in said copyrights set forth in paragraph 64 of the Complaint.

25. Defendant denies any allegations of infringement set forth in paragraph 64 of the Complaint.

26. Defendant denies allegations set forth in paragraph 65, paragraph 66, paragraph 67, and paragraph 68 of the Complaint.

## SECOND CAUSE OF ACTION: CONTRIBUTORY COPYRIGHT INFRINGMENT

27. Defendant re-denies and incorporates by reference the denials contained in each paragraph above.

28. Answering paragraph 70 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

29. Defendant denies paragraph 71, paragraph 72, paragraph 73, and paragraph 74 of the Complaint.

30. Answering paragraph 75 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

31. Defendant denies allegations set forth in paragraph 76, paragraph 77, paragraph 78, and paragraph 79 of the Complaint.

## THIRD CAUSE OF ACTION: CIVIL CONSPIRACY

32. Defendant re-denies and incorporates by reference the denials contained in each paragraph above

33. Defendant denies allegations set forth in paragraph 81 and paragraph 82 of the Complaint.

34. Answering paragraph 83, paragraph 84, paragraph 85, paragraph 86, paragraph 87, and paragraph 88 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

35. Defendant denies allegations set forth in paragraph 89, paragraph 90, and paragraph 91 of the Complaint.

36. Answering paragraph 92 of the Complaint, Defendant lacks information sufficient to form a belief as to the facts alleged, and on that basis, Defendant denies them.

37. Defendant denies allegations set forth in paragraph 93, paragraph 94, paragraph 95, paragraph 96, paragraph 97, paragraph 98, paragraph 99, paragraph 99, paragraph 100, paragraph 101, and paragraph 102 of the Complaint.

## FOURTH CAUSE OF ACTION: NEGLIGENCE

38. Defendant re-denies and incorporates by reference the denials contained in each paragraph above

39. Defendant denies allegations set forth in paragraph 104 of the Complaint.

40. Defendant admits to allegations set forth in paragraph 105 of the Complaint.

41. Defendant denies allegations set forth in paragraph 106, paragraph 107, paragraph 108, paragraph 109, and paragraph 110 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Defendant herby asserts the following Affirmative Defenses in this case:

1. Plaintiff does not own valid copyright in the work alleged.

2. The Complaint and each and every purported cause of action contained in the Complaint fails to state facts sufficient to constitute a cause of action against Defendant, and therefore, Plaintiff fails to state a claim against Defendant upon which relief can be granted.

3. Plaintiff has mis-joined all Defendants.

4. Plaintiff has failed to join indispensable parties.

5. This Court lacks Personal Jurisdiction over Defendant.

6. Plaintiff's claims would infringe on the First Amendment and Due Process Clause of the U.S. Constitution.

7. Plaintiff's claims are barred by Section 109 of the U.S. Copyright Act's "First Sale Doctrine."

8. Plaintiff's action is barred by the Doctrine of Laches. Plaintiffs have made no attempt to enjoin the peer-to-peer file sharing practice of which they complain, and have allowed BitTorrent protocol to make files freely available to the Internet and network of Torrent users, for a substantial time, so as to become common practice among Internet users. Plaintiff's inaction or ineffectiveness in preventing the practices of BitTorrent peer-to-peer file sharing has allowed Internet users to believe that file-sharing was a completely legal practice. Plaintiff's inaction has lured Internet users into believing that BitTorrent file-sharing was acceptable to Plaintiffs. Plaintiff's delay and inaction in allowing such file sharing through BitTorrent protocol is inexcusable and prejudicial to Defendant and Internet users.

9. Plaintiff's action is barred by Estoppel. Although Plaintiffs knew the acts of any alleged file sharing of Plaintiff's works, Plaintiff's acted in such a way to lead Internet users to believe that the continued availability of Plaintiff's copyrighted works on BitTorrent protocol was intended by Plaintiffs, and any actions to download were induced by, and done in reliance on Plaintiff's conduct.

10. Any file sharing by Defendant, or those residing in Defendant's household, if done at all, was done with innocent intent, in that said persons believed in good-faith that such conduct did not constitute as infringement of copyrights.

11. Defendant cannot be held liable for copyright infringement committed by another.

12. Plaintiff is not entitled to equitable relief, as Plaintiff is guilty of conduct sufficient to invoke the doctrine of unclean hands. Defendant has been personally injured by Plaintiff's said conduct, which continued at least through the time of filing this action.

13. Plaintiff's claims are barred to the extent that they claim copyright in works that are immoral, illegal or libelous.

## CONCLUSION

WHEREFORE, Defendant prays this Court for the following relief:

1. For dismissal of the Plaintiff's action with prejudice;

2. For an Order that Plaintiffs shall take no relief from their Complaint herein;

3. For an award of Defendant's costs and attorneys' fees herein incurred; and,

4. For such further and other relief as the Court deems fair and just.


DATED: 29th Day of March 2012.

          Respectfully submitted,

          *[signature]*

          Christina E. Saunders
          216 16th Street
          Suite 1350
          Denver, Colorado 80202
          Tel/Fax: (720)204-5671
          E-mail: christina@nouveaulaw.com

          ATTORNEY FOR DEFENDANT JASON FERDIN

**PROOF OF SERVICE**

I hereby certify that the foregoing document was served on counsel for Plaintiff, Andrew John Contiguglia, Contiguglia & Fazzone, PC, 44 Cook Street, Suite 100, Denver, CO 80206, and perfected on all other interested parties, via the CM/ECF system on March 29, 2012.

_____
Christina E. Saunders
216 16th Street
Suite 1350
Denver, Colorado 80202
Tel/Fax: (720)204-5671
E-mail: christina@nouveaulaw.com

ATTORNEY FOR DEFENDANT JASON FERDIN